UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jon W. Holm, individually, and
J.W. Holm, Inc., a Minnesota Corporation,

      Plaintiffs,

v.                                                   Civ. No. 06-1077 (JNE/JJG)
                                                     ORDER

Art Leather Manufacturing, Inc.,
a New York corporation,

      Defendant.

---

John R. Neve, Esq., Neve & Associates, PLLC, appeared for Plaintiffs Jon W. Holm and J.W. Holm, Inc.

Shane H. Anderson, Esq., Mackall, Crounse & Moore, PLC, appeared for Defendant Art Leather Manufacturing, Inc.

---

      Jon W. Holm and J.W. Holm, Inc. (collectively, Plaintiffs), brought this action against Art Leather Manufacturing, Inc. (Art Leather), asserting claims under Minn. Stat. §§ 181.145, 325E.37 (2004). The case is before the Court on Art Leather's motion to dismiss or, in the alternative, to transfer. Because transferring this case would be more efficient than dismissing it, in the interest of justice, the Court will consider only Art Leather's motion to transfer under 28 U.S.C. § 1404(a) (2000).[1] *See Sheets v. Liberty Alliances, LLC*, Civ. No. 04-1434, 2004 WL 1765333, at *2 (D. Minn. Aug. 4, 2004); *cf. Knutson v. Rexair, Inc.*, 749 F. Supp. 214, 218 (D. Minn. 1990) (concluding that action was improperly venued and that transfer or dismissal was

---

[1] At the motion hearing, the Court informed Plaintiffs that venue was improper and offered Plaintiffs the choice of having the case transferred or dismissed without prejudice. By letter dated June 9, 2006, Plaintiffs informed the Court that they would prefer to have the case transferred rather than dismissed without prejudice.

1

warranted; holding transfer of action is "the superior alternative"). For the reasons set forth below, the Court grants the motion to transfer.

In analyzing a motion to transfer pursuant to section 1404(a), the Court considers the presence or absence of a valid and applicable forum-selection clause, the convenience of the parties, the convenience of the witnesses, the interest of justice, and any other relevant factor. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695-96 (8th Cir. 1997). Here, the parties' dispute is essentially whether this case arises under a Proprietary Rights Agreement (Agreement) and is governed by a forum-selection clause contained therein. The Agreement grants to Plaintiffs a non-exclusive, personal, nontransferable, and royalty-free license to use Art Leather's proprietary rights, including its tradename and trademarks, in the sale of Art Leather's products. In exchange, Plaintiffs promised, among other things, to clearly indicate Art Leather's ownership of the tradename and trademarks; to obtain Art Leather's approval of the appearance of the tradename and trademarks Plaintiffs used in their sales material; and, in certain circumstances, to indemnify Art Leather for misrepresentations Plaintiffs made, torts they committed, contracts they breached, or laws they violated, during the sale of Art Leather's products. Plaintiffs also agreed not to "be involved directly or indirectly with any business or activity which competes directly or indirectly with [Art Leather's] Products" while the Agreement was effective and for three years following termination.

The Agreement contains a forum-selection clause and choice-of-law provision. It provides:

> In the event of any controversy or dispute hereunder, the parties agree to submit the same to the United States Courts in the State of New York and each hereby expressly submits himself or itself to the personal jurisdiction of such courts. Each party also agrees that service or process may be accomplished upon it or him in the same manner as the giving of notice hereunder. This Agreement shall be

governed by and construed in accordance with the United States law in the State of New York.

Art Leather maintains that this case arises under the Agreement and that the forum-selection clause set forth above governs this dispute. Plaintiffs, on the other hand, maintain that the forum-selection clause does not apply to this case. The Eighth Circuit has declined to adopt a position on whether federal or state law controls the question of whether a forum-selection clause applies in a particular case. It has, however, suggested that federal law controls. *See Rainforest Café, Inc. v. Eklecco, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003). Accordingly, the Court will apply federal law to determine whether the forum-selection clause contained in the Agreement applies to this dispute. The Court notes that neither party argues that the analysis would differ under Minnesota or New York law.

The Court turns to the language of the forum-selection clause. Plaintiffs contend that the only permissible reading of this language is that the clause applies merely to claims arising under the Agreement. According to Plaintiffs, the forum-selection clause cannot properly be construed to mean that every dispute between the parties, even if unrelated to the Agreement, must be brought in federal court in New York. The Court agrees. "In the event of any . . . dispute hereunder" unambiguously refers to any dispute arising under the Agreement.

"This conclusion, however, only leads us to our next question—whether [Plaintiffs'] [statutory] claims actually arise under the [Agreement]." *Terra*, 119 F.3d at 693. *Terra* guides the Court's inquiry.[2] In *Terra*, the Eighth Circuit concluded that a forum-selection clause

---

[2] The Court recognizes that *Terra* involved allegedly related tort claims, whereas this case involves allegedly related statutory claims. The Court does not find the distinction sufficiently significant to deviate from the guiding principles articulated in *Terra*. First, the law is clear that forum-selection clauses can apply to statutory theories of recovery. *See Knutson*, 749 F. Supp. at 217 (concluding that a forum-selection clause applied to a statutory claim under the Minnesota

3

contained in an agreement between the parties applied to the plaintiff's tort claims.  In reaching its decision, the Eighth Circuit relied on a test crafted by the First Circuit.  Under that test, "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties."  *Id.* at 694 (citing *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993)).  In addition, although it found them inapplicable to the facts of that particular case, the Eighth Circuit noted two other general tests for determining whether a forum-selection clause should apply to tort claims:  a test used in the Third Circuit and a test used in the Ninth Circuit.  Under the Third Circuit test, "where tort claims ultimately depend on the existence of a contractual relationship between the parties, such claims are covered by a contractually-based forum selection clause."  *Terra*, 119 F.3d at 694 (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983)).  Under the Ninth Circuit test, "whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract."  *Terra*, 119 F.3d at 694 (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988)).

In this case, both the First Circuit and the Third Circuit tests are instructive, and application of both tests yields the conclusion that this dispute arises under the Agreement.  Turning first to the First Circuit test, Plaintiffs' statutory claims involve the same operative facts as would a parallel claim for breach of the Agreement.  Indeed, on January 19, 2006, prior to initiating this action, Plaintiffs' counsel wrote a letter to Art Leather asserting that Art Leather's decision to "part ways" with Plaintiffs amounted to wrongful termination of the Agreement.  The operative facts in both the letter and the Complaint are the same.  *Cf. Terra*, 119 F.3d at 695.  It therefore appears that Plaintiffs have strategically crafted their Complaint to circumvent the

---

Franchise Act).  Moreover, the test articulated in and relied upon in *Terra* translates easily into this context.

4

forum-selection clause contained in the Agreement. "Strategic or artfully drawn pleadings . . . will not work to circumvent an otherwise applicable forum selection clause." *Id.*

Turning next to the Third Circuit test, Plaintiffs' right to lawfully sell and collect commissions for the sale of Art Leather's goods depended upon the existence of a license to do so. In this case, that license was granted in the Agreement. Thus, Plaintiffs' statutory claims are inextricably bound up with and ultimately depend, at least in part, on the existence of the Agreement.[3] As a result, under the Third Circuit test, those claims are covered by the Agreement's forum-selection clause. For these reasons, the Court concludes that Plaintiffs' statutory claims arise under the Agreement and the forum-selection clause applies in this case.

Having concluded that the forum-selection clause contained in the Agreement applies to the current dispute, the Court must determine the effect of the forum-selection clause. *See Sheets*, 2004 WL 1765333, at *4. Plaintiffs contend that the forum-selection clause carries little weight when evaluating Art Leather's motion because the clause is permissive, not mandatory. The Court disagrees. "While a mandatory selection clause uses specific language to clearly designate a forum, permissive clauses merely provide a consent to jurisdiction and venue, but do not require a specific forum." *See Twin Lakes Sales, LLC v. Hunter's Specialties, Inc.*, Civ. No. 05-555, 2005 WL 1593361, at *3 (D. Minn. July 6, 2005) (citing *Fla. State Bd. of Admin. v. Law Eng'g and Envtl. Servs., Inc.,* 262 F. Supp. 2d 1004, 1009 (D. Minn. 2003)). Implicit in an agreement to submit a dispute to a particular forum, as the parties have done in this case, is an agreement that the named forum is the exclusive forum in which the dispute can be pursued

---

[3]   The Court recognizes that not all of Art Leather's sales representatives were required to execute the Agreement. That does not mean, however, that the representatives' right to sell Art Leather's products was not conditioned on having a license to do so. More importantly, whether or not other sales representatives were required to have a license to sell Art Leather's products, there is no dispute that Plaintiffs were asked to and did execute the Agreement when Jon Holm became an independent sales representative for Art Leather.

consistent with the parties' agreement. For this reason, the Court finds that the forum-selection clause is mandatory.

Because the forum-selection clause is mandatory, it "is a significant factor that figures centrally in [the Court's] calculus in a motion to transfer." *Terra*, 119 F.3d at 697 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Knutson*, 749 F. Supp. at 217-18 ("[T]his court recognizes that the federal judiciary has traditionally accorded momentous weight to contracting parties' legitimate expectations in the area of forum selection."). The clause will be enforced unless the other section 1404(a) factors overcome the significance of the clause or Plaintiffs can demonstrate that the clause is otherwise unreasonable or the result of overreaching. *Terra*, 119 F.3d at 696; *Knutson*, 749 F. Supp. at 218. In this case, the section 1404(a) factors do not overcome the significance of the forum-selection clause, and Plaintiffs have not demonstrated that the clause is unreasonable or the result of overreaching.

THEREFORE, based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Art Leather's Motion to Dismiss or Alternatively to Transfer [Docket No. 8] is GRANTED IN PART and DENIED IN PART.

2. The Clerk of Court shall transfer this case to the United States District Court for the Eastern District of New York.

Dated: June 12, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge